IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01690-WYD-BNB

ALLSTATE INSURANCE COMPANY, an Illinois Corporation,

    Plaintiff,

v.

SIMON DELREAL;
JUDY DELREAL;
ERIC DELREAL;
ANTOINETTE GONZALES; and
ISAIAH GONZALES,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court on both the Defendants/Intervenors' (Gonzales) Motion to Intervene and Remand and Remove to Adams County District Court [# 7], filed October 3, 2006, and the Defendants/Intervenors' Motion to Dismiss for Lack of Subject Matter Jurisdiction [# 27], filed February 26, 2007.

By way of background, the Defendants/Intervenors (the Gonzales) filed a lawsuit against the Co-Defendants (the Delreals) in Colorado state court in Adams County arising out of an incident that occurred at the Delreal's residence on December 24, 2004.  The Plaintiff Allstate Insurance Company is the insurer for the Delreals and is providing a defense to the Delreals in the state court matter.  On August 25, 2006, the Plaintiff initiated the instant action for declaratory relief in federal court based on

diversity jurisdiction. The Plaintiff is seeking a declaration that its insurance policy with the Defendant Delreals does not provide coverage for claims in the underlying state court litigation. (Compl. at 15.)

The Defendants/Intervenors argue in their pending motions that: (1) they should be permitted to intervene in this declaratory judgment action and (2) this declaratory action should be remanded back to state court or dismissed for lack of subject matter jurisdiction. For the reasons set forth below, Defendants/Intervenors are permitted to intervene, however, the motions to remand and dismiss are denied.

II.     ANALYSIS

   A.     Motion to Intervene and Motion to Remand and Remove to Adams County District Court [# 7]

In their motion, the Defendants/Intervenors first argue that they should be permitted to intervene in this action for declaratory relief. Defendants/Intervenors state that they wish to intervene is this matter pursuant to Fed. R. Civ. P. 24 "because their rights will be effected by any court's determination as to whether the Plaintiff has to provide insurance coverage for the Defendants as a result of the Intervenors' claims arising out of the December 24, 2004 incident which occurred in the Defendants' home." (Mot. at 2.) Based on the pleadings, it does not appear that the Plaintiffs oppose this request. Accordingly, Defendants/Intervenors' motion to intervene is granted. Defendants/Intervenors are permitted to intervene in this action.

Second, the Defendants/Intervenors argue that this case should be "removed or remanded" back to the Adams County District Court because it "concerns a matter which is ancillary to the state court action filed by the Intervenors . . . ." (Mot. at 3.)

This argument is both unintelligible and contrary to law.  Plaintiff initiated this action in federal court.  It was never removed from state court to federal court, therefore, it cannot be remanded.  Accordingly, Defendant/Intervenors' motion to remand is denied.

      B.      <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction [# 27]</u>

In this motion, Defendants/Intervenors claim without offering any supporting evidence that this Court lacks subject matter jurisdiction.  I disagree and find that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  In their motion, the Defendants/Intervenors state that Plaintiff is an Illinois corporation and the Defendants are residents of Colorado.  (Mot. at 3.)  Thus, the parties have diversity of citizenship.  Moreover, in the Complaint, the Plaintiff alleged that the amount in controversy exceeds $75,000.000 exclusive of costs and interest.  (Compl. at 2.)  Plaintiff further states that the insurance policy at issue has applicable coverage limits of $300,000.00.  (Resp. at 2.)  Therefore, Defendants/Intervenors' argument is without merit and the motion to dismiss is denied.

III.      <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendants/Intervenors' Motion to Intervene [# 7] is **GRANTED**.  It is

FURTHER ORDERED that Defendants/Intervenors' Motion to Remand and Remove to Adams County District Court [# 7] is **DENIED.**  It is

FURTHER ORDERED that Defendants/Intervenors' Motion to Dismiss for Lack of Subject Matter Jurisdiction [# 27] is **DENIED**.

Dated: April 19, 2007

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge